UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ERIC CHATMAN                                                                             PLAINTIFF

VERSUS                                                CIVIL ACTION NO. 1:17-cv-347-HSO-JCG

INGALLS SHIPBUILDING, doing business as
HUNTINGTON INGALLS, INC.                                                    DEFENDANT

NOTICE OF REMOVAL

COMES NOW the Defendant, Huntington Ingalls Incorporated ("HII"), erroneously named in the Complaint as "Ingalls Shipbuilding, doing business as Huntington Ingalls Inc.", through its undersigned counsel, and submits this Notice of Removal to this Court and states as follows:

I.

Huntington Ingalls Incorporated ("HII") was incorporated in Virginia with its principal offices located in Newport News, Virginia. HII is in the business of shipbuilding and ship repair. HII owns and/or operates a shipyard in Pascagoula, Mississippi, known as Ingalls Shipyard. (Affidavit of Steven Pierce attached as Exhibit "1").

II.

Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served on HII are attached as Exhibit "2" in globo. Pursuant to Uniform Local Rule 5, a certified copy of the entire state court record in the format required by the Administrative Procedures for Electronic Case Filing is attached as Exhibit "3" in globo.

III.

Plaintiff's Complaint was served on HII through its registered agent on November 20, 2017. (Exhibit "2" at p. 1).

IV.

According to Paragraph I of his Complaint, Plaintiff is an adult resident citizen of Gulfport, Mississippi. Plaintiff erroneously refers to HII as the Defendant "Ingalls Shipbuilding" but correctly alleges the Defendant is a foreign corporation registered to do business and doing business in Mississippi. (Exhibit "2" at p. 3).

V.

At Paragraph II of his Complaint, Plaintiff invokes the jurisdiction of the Circuit Court of Jackson County, Mississippi based upon the Jones Act, 46 U.S.C. § 688, et seq. and general maritime law. (Exhibit "2" at pp. 3 - 4). At Paragraph IV, he alleges that on or about August 19, 2014, he experienced an accident during the course and scope of his employment with "Ingalls Shipbuilding" for which he seeks damages for his injuries. (Exhibit "2" at p. 4). At Paragraph XI, he alleges, alternatively, that if he does not qualify as a seaman under the Jones Act, he reserves all his claims under the Longshore and Harbor Workers' Compensation Act. He states "This claim is being made only in the alternative and only in the event it is ultimately determined that plaintiff's claims against 'Ingalls Shipbuilding' do not fall under the Jones Act." (Exhibit "2" at p. 6).

VI.

Although Jones Act cases are ordinarily non-removal pursuant to 28 U.S.C. § 1445(a),

defendants "may pierce the pleadings to show that the Jones Act claim has been fraudulently pled to prevent removal." McAdow v. Promus, 926, F.Supp. 93, 94 (W.D.La. 1996); Lackey v. Atlantic Richfield Company, 990 F.2d 202, 207 (5th Cir. 1993); Hufnagel v. Omega Service Industries, Inc., 182 F.3d 340, 345 (5th Cir. 1999). HII submits that Plaintiff's Jones Act and general maritime law claims have been fraudulently pled to frustrate federal jurisdiction and/or he has no reasonable possibility of establishing seaman status under the Jones Act. In making this determination, the Fifth Circuit has held that a District Court may look into evidence outside of the pleadings, including Affidavits and business documents. Burden v. General Dynamics Corp., 60 F.3d 213, 217 (5th Cir. 1995); B., Inc. v. Miller Brewing Company, 663 F.2d 545, 549 (5th Cir. 1981).

VII.

Moreover, as explained in the Affidavit of Steven Pierce, at all material times, including the time of his accident on or about August 19, 2014, Plaintiff was employed by HII at Ingalls Shipyard as paint foreman when he fell and injured himself in the Blast and Paint Hall building located at Ingalls Shipyard. Moreover, at all material times, Plaintiff was a land-based employee working for HII in shipbuilding and/or ship repair as a paint foreman. He was never assigned as a member of a crew of any vessel owned or operated by HII. (Exhibit "1").

VIII.

As a result of the accident sued upon, Plaintiff filed a worker's compensation claim against HII under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 901, et seq. He has been paid compensation and medical benefits under the LHWCA by or on behalf of HII. As of November 17, 2017, Plaintiff has been paid compensation benefits of at least $182,000 and as of December 7, 2017, medical benefits of at least $388,000 under the LHWCA by or on behalf

3

of HII. Such benefits continue to be paid to him at this time. (Exhibit "1").

IX.

HII expressly denies Plaintiff was a "seaman" under the Jones Act or that he was assigned as a member of a crew of any vessel owned or operated by HII.

X.

Under the true facts of this case, Plaintiff's sole and exclusive remedy, if any, against HII is under the LHWCA (33 U.S.C. 901, et seq.) and he is barred by § 905(a) from proceeding outside the statutory framework of the LHWCA. (33 U.S.C. § 905(a)).

XI.

Accordingly, Plaintiff's Jones Act and general maritime claims against HII in this case have been fraudulently pled and/or he has no reasonable possibility of establishing seaman status under the Jones Act. Hufnagel v. Omega Service Industries, Inc., 182 F.3d 340, 345 (5th Cir. 1999).

XII.

HII states that it is reasonable to conclude that the claims set forth in Plaintiff's lawsuit at the time of removal, when considered with the Affidavit of Steven Pierce, far exceed the sum of $75,000 exclusive of interest and costs. (Exhibits "1," "2," and "3").

XIII.

Because complete diversity exists between the Plaintiff and the Defendant and the amount of controversy exceeds the jurisdictional amount of $75,000 required by 28 U.S.C. § 1332, this Court is vested with diversity jurisdiction.

XIV.

Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) as United States District Court for the Southern District of Mississippi, Southern Division is the district and division in which the State Court action is pending.

XV.

This matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the Southern District of Mississippi, Southern Division has original jurisdiction through complete diversity under 28 U.S.C. § 1331.

XVI.

Removal is timely, as this Notice is filed within 30 days of receipt by HII of the service of process in this case.  28 U.S.C. § 1446(b).  (Exhibit "2" at p. 1).

XVII.

HII hereby removes this case to the United States District Court for the Southern District of Mississippi, Southern Division.

XVIII.

In accordance with 28 U.S.C. §1446(d), written notice of this removal is given this day to all parties, through counsel, and to the Clerk of the Circuit Court of Jackson County, Mississippi, where the initial state court action was filed.

XIX.

HII reserves the right to submit additional evidence in support of this removal as appropriate in future circumstances and to otherwise supplement this Notice of Removal.

XX.

By virtue of this Notice of Removal, HII does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure or other applicable law.

XXI.

WHEREFORE, Defendant HII prays that this lawsuit now pending in the Circuit Court of Jackson County, Mississippi, be removed to the United States District Court for the Southern District of Mississippi, Southern Division, and this action hereafter will proceed in this Court.

XXII.

The undersigned counsel for HII signs this Notice pursuant to F.R.C.P. Rule 11.

This, the 15th day of December, 2017.

                HUNTINGTON INGALLS INCORPORATED

                BY:  FRANKE & SALLOUM, PLLC

                BY:  s/Richard P. Salloum
                    RICHARD P. SALLOUM, Ms. Bar No. 6417
                    FRANKE & SALLOUM, PLLC
                    10071 Lorraine Road (39503)
                    Post Office Drawer 460
                    Gulfport, Mississippi 39502
                    (228) 868-7070 - Telephone
                    (228) 868-7090 - Facsimile
                    Email:  rps@frslaw.com

<u>CERTIFICATE OF SERVICE</u>

I, RICHARD P. SALLOUM, of counsel for Huntington Ingalls Incorporated, hereby certify that I have this day mailed, by United States mail, postage prepaid, a true and correct copy of the above and Notice of Removal to Plaintiff's attorneys, Tamekia R. Goliday, Esq., at her usual mailing address of Goliday Law Firm, Post Office Box 13632, Jackson, Mississippi 39236 and Shantrell H. Nicks, Esq., at her usual mailing address of Nicks Law Firm, 1909 E. Pass Road, Suite C8, Gulfport, Mississippi 39501 and to Randy Carney, Circuit Clerk, Jackson County Circuit Court, Post Office Box 998, Pascagoula, MS 39568.

This, the <u>15th</u> day of December, 2017.

                                               s/Richard P. Salloum
                                               RICHARD P. SALLOUM

FRANKE & SALLOUM, PLLC
Post Office Drawer 460
Gulfport, MS  39502
(228) 868-7070 - Telephone
(228) 868-7090 - Facsimile
Email:  rps@frslaw.com